UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANDRE JOHNSON, | CASE NO. 1:14 CV 894 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| LAKE COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On April 25, 2014, plaintiff *pro se* Andre Johnson, an inmate at the Mansfield Correctional Institution, filed this civil rights action against the Lake County Department of Jobs and Family Services, the Lake County Juvenile Court, and the Cuyahoga County Department of Jobs and Family Services. Plaintiff alleges in the complaint that defendants have "used the name of Andre Johnson in commercial transactions and jurisdiction." Complaint, p.3. He seeks as relief that "all claims and documents, debts, cases, registrations etc. [be] dismissed asap, and proper payment must be paid in full for violation/infringement of secured party creditor's property." Complaint, p.7.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859

F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief)

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent 5/2/14
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE